State *v.* Dillihunty.

The STATE, Respondent, *vs.* DILLIHUNTY, Appellant.

| 18 | 331 |
| 171 | 529 |

1. On a trial for murder, it is error for the court, in its instructions to the jury, to assume that the name of the party slain is correctly stated in the indictment, this being a question of fact for the jury.

*Appeal from St. Louis Criminal Court.*

*Cline & Thompson,* for appellant. The State utterly failed to show by legal proof the name of the deceased, as alleged in the indictment, and for that reason the verdict should have been for the defendant. The court erred in refusing to declare the law on that subject. Wharton's Am. Crim. Law, 156, 157. 3 Sumner, 12. 1 McLean, 429.

*H. A. Clover,* (circuit attorney,) for the State.

GAMBLE, Judge, delivered the opinion of the court.

1. The defendant was indicted for the murder of Edward Maber. At the trial a question arose as to the name of the person slain. No witness was examined who knew him. A physician was examined who saw the body lying in the street soon after the affray, and he testified that he did not know the deceased or his name; that the defendant called him Ned, and some persons in the crowd that collected around called him Edward Maber. There were instructions asked by the defendant's counsel in relation to the question whether the name of the deceased was that stated in the indictment, and although those instructions, in the form in which they were asked, may have been properly refused, yet they served to call the attention of the court to the question of fact which the defendant wished submitted to the jury in relation to the name of the person slain. But the instructions given by the court directed a conviction upon a state of facts which excluded all question in relation to the name, so that that question was to be taken

as settled by the court. The instructions given speak of killing " the deceased" and stabbing " the deceased," as the acts for which the defendant was on trial, which necessarily involved the assumption of the fact, that the deceased was " Edward Maber." This was erroneous, and the judgment is reversed, and the cause remanded for a new trial.